UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brandy Stahl, on behalf of C.S., a minor, *et al.*,

Plaintiffs,

v.

Tiffin City Schools Board of Education, *et al.*,

Defendants.

Case No. 3:26-cv-387

MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION AND BACKGROUND

Plaintiffs filed this lawsuit against Defendants the Tiffin City Schools Board of Education, Dr. Haiyuan ("Harry") Gao, David Alvarado, and Timothy Murray, alleging Gao discriminated against and sexually harassed their daughter, C.S., while C.S. was a student in Gao's Chinese I class at Columbian High School in Tiffin, Ohio, and that the remaining Defendants failed to prevent or properly respond to Gao's misconduct. (Doc. No. 1). Nonparty M.G. filed a motion to quash a subpoena issued by Plaintiffs instructing M.G. to appear for a deposition on September 14, 2026.[1] (Doc. No. 32). M.G. states that he was not personally served with the subpoena; rather, service was made on M.G.'s father, who is not M.G.'s custodial parent. (*Id.* at 1-2). M.G.'s counsel also asserts M.G. "has no relevant personal knowledge as understood by this writer," and that requiring M.G. to

[1] M.G.'s counsel used M.G.'s initials and his full name interchangeably. But the Local Rules mandate that any mention of a minor child in a court filing must be made using the minor's initials only. Loc. R. 8.1(a)(2). As a result, I have instructed the Clerk of Court to place the motion to quash under seal.

perform an electronic search for any information "'pertaining to' Dr. Gao . . . is facially overbroad and disproportionate." (*Id.* at 9).

Plaintiffs argue M.G.'s motion should be denied because they have a reasonable basis to believe M.G. has relevant evidence because he was a student of Dr. Gao's during the time period set forth in the Complaint and because M.G. "failed to demonstrate any prejudice resulting from the manner of service." (Doc. No. 34 at 2). M.G. subsequently filed a brief in reply. (Doc. No. 37).

For the reasons stated below, I grant the motion.

## II. Discussion

Rule 45 provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). "Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served." Fed. R. Civ. P. 45(b)(4).

Plaintiffs argue that M.G.'s motion to quash should be denied because "the facts here demonstrate that M.G. received the subpoena, had an opportunity to challenge it, and has identified no prejudice resulting from the method of service. As such, any alleged defect in service does not warrant the extraordinary remedy of quashing the subpoena." (Doc. No. 34 at 2). But, contrary to Plaintiffs' suggestion, quashing a subpoena due to service defects is not "extraordinary." Rather, it is the majority rule across federal courts.

The United States Court of Appeals for the Sixth Circuit has not weighed in on the question of whether Rule 45(b)(1) requires personal service of a subpoena. *See, e.g., OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 753 (E.D. Mich. 2011); *Powell v. Time Warner Cable, Inc.*, No. 2:09-CV-00600, 2010 WL 5464895, at *3 (S.D. Ohio Dec. 30, 2010). But most courts to consider this

question have concluded "'personal service is required, as only such service can ensure that the non-party has the opportunity to object to the subpoena.'" *Colors + v. Colors+ Counseling, LLC*, No. 1:25-cv-78, 2025 WL 3753995, at *3 (N.D. Ohio Dec. 29, 2025) (quoting *Hale v. Bunce*, No. 1:16-cv-02967, 2017 WL 10978845, at *2 (N.D. Ohio Oct. 3, 2017)). *See also Great Southland Ltd. v. Landash Corp.*, No. 2:17-CV-719, 2022 WL 3442548, at *1 (S.D. Ohio June 29, 2022) ("'Witnesses who are . . . not parties . . . must be individually and personally served with a subpoena to compel their appearance . . . .'") (quoting *Novovic v. Greyhound Lines, Inc.*, No. 2:09-CV-00753, 2012 WL 252124, at *8 (S.D. Ohio Jan. 26, 2012)) (final alteration added); *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) (holding Rule 45(b)(1) requires personal service on the subpoenaed witness); *United States v. Philip Morris Inc.*, 312 F. Supp. 2d 27, 37 (D.D.C. 2004) (same).

True, in some circumstances, courts have "authorized service by certified mail or other means if the method of service is accomplished in a manner that reasonably ensures the witness actually receives the subpoena." *Damsi v. Tarpstop, LLC*, No. 3:21-CV-0953, 2023 WL 9186657, at *11 (N.D. Ohio Oct. 19, 2023) (citation omitted). But this method is the exception, not the rule, as such authorization often comes "only after the party requesting the accommodation diligently attempted to effectuate personal service." *Id. See also OceanFirst Bank*, 794 F. Supp. 2d at 754 (citing cases).

The cases Plaintiffs cite in their opposition brief do not persuade me that their chosen method of service satisfies the requirements of Rule 45(b)(1). The court in *In re Application for Discovery Pursuant to 28 U.S.C. § 1782*, No. 1:19-MC-0102, 2020 WL 364222 (N.D. Ohio Jan. 22, 2020), chose to "'overlook[ ] any alleged technical violations of Rule 45(b)(1)'" because the deponent actually received the subpoena in time to challenge it and was not otherwise prejudiced. *Id.* at *4 (quoting *Vaughan v. City of Shaker Heights*, Case. No. 1:10-cv-609, 2013 WL 4758028, at *4 n.4 (N.D. Ohio Sept. 4, 2013)) (alteration by *In re Application*) (further citation omitted). But in that case, the

party issuing the subpoena first issued a defective subpoena, discussed the defects with the deponent's attorney, and then served an amended subpoena on the attorney. *Id.* at *3. The court then concluded that was appropriate to "overlook" the technical deficiencies in service because the method of service – service on the attorney who previously raised the deponent's objections to the original subpoena – "reasonably insure[d] actual receipt of the subpoena." *Id.* (citation and quotation marks omitted).

The circumstances of this case materially differ. Plaintiffs argue service was proper because "M.G.'s father received the subpoena and provided it to M.G." (Doc. No. 34 at 5). But Plaintiffs do not say whether they knew M.G.'s father was not his custodial parent or, perhaps more importantly, whether they knew if M.G. had any contact with his father. The implication that the ends (actual receipt) justify whatever means by which a party chooses to serve a subpoena is not justified by the text of Rule 45(b) or existing caselaw.

Plaintiffs' reliance on *Powell v. Time Warner Cable, Inc.*, Civ. Action No. 2:09-cv-600, 2010 WL 5464895 (S.D. Ohio Dec. 30, 2010), fares no better. There, the subpoenaed company objected to the defendant's service of the subpoena by certified mail only after: (1) counsel for the two companies "communicated prior to issuance of the subpoena"; (2) the defendant obtained the name of and "the contact information for the proper individual within [the subpoenaed company] to receive the subpoena"; and (3) the subpoenaed company accepted service of the subpoena and "produced some documents in response to the subpoena." *Id.* at *3. Plaintiffs do not represent that they had any such prior contact with M.G. or anyone on his behalf, and they cannot dispute that M.G. timely raised an objection to the manner of service in this case.[2]

[2] Plaintiffs do not dispute that they did not comply with Rule 45's requirement that they tender "the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). (*See* Doc. No. 34 at 3). While M.G. may not seek to quash the subpoena on this basis, (*see* Doc. No. 32 at 3), Plaintiffs' failure to follow this requirement either also weighs against overlooking the technical defects in the subpoena issued to M.G.

I conclude Plaintiffs' service of their subpoena to M.G. did not comply with Rule 45(b)(1) and grant M.G.'s motion to quash.

As I noted above, the parties also disagree about whether M.G may be compelled to participate in a deposition at all. But the record does not contain sufficient information for me to resolve this dispute. The vague contention that M.G. "has no relevant personal knowledge as understood" by his attorney, (Doc. No. 32 at 9), and the equally vague assertion M.G. has personal knowledge relevant to Plaintiffs' claims because he was Dr. Gao's student during the time period alleged in the Complaint, (Doc. No. 34 at 6), do not permit me to determine whether it in fact would be unduly burdensome to require M.G. to attend the deposition. Therefore, I decline to rule on this portion of M.G.'s motion to quash.

Further, in light of my ruling on the motion to quash, I decline M.G.'s request for attorney fees and costs. (Doc. No. 37 at 11).

## III. CONCLUSION

For the reasons stated above, I grant nonparty M.G.'s motion to quash. (Doc. No. 32).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge