UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brandy Stahl, on behalf of C.S.,
a minor, *et al.*,

Case No. 3:26-cv-387

Plaintiffs,

v.

MEMORANDUM OPINION
AND ORDER

Tiffin City Schools Board of
Education, *et al.*,

Defendants.

## I. Introduction and Background

Plaintiffs filed this lawsuit against Defendants the Tiffin City Schools Board of Education, Dr. Haiyuan ("Harry") Gao, David Alvarado, and Timothy Murray, alleging Gao discriminated against and sexually harassed their daughter, C.S., while C.S. was a student in Gao's Chinese I class at Columbian High School in Tiffin, Ohio, and that the remaining Defendants failed to prevent or properly respond to Gao's misconduct. (Doc. No. 1). Nonparties Danielle Kin and Nathan Kin filed a motion to quash a subpoena issued by Plaintiffs instructing their minor daughter, L.K., to appear for a deposition on September 14, 2026. (Doc. No. 33). The Kins assert requiring L.K. to comply with the subpoena "would cause undue burden or hardship, including medical or psychological conditions[,] on L.K." and request that L.K. "be assessed by a psychiatrist before testifying in person." (*Id.* at 2). The Kins submitted a letter from L.K.'s primary care provider describing mental health symptoms L.K. experienced, and treatment she received, following "a

significant and distressing situation involving" Dr. Gao in support of the motion to quash. (Doc. No. 33-1 at 1).

Plaintiffs argue L.K.'s motion should be denied because she possesses relevant evidence "necessary to further evaluate the breadth of [Dr. Gao's] mistreatment of female students . . . [that] cannot be adequately replaced through stipulations or other secondhand sources of information." (Doc. No. 35 at 3). Plaintiffs further argue that the Kins have demonstrated L.K. would suffer an undue burden if she is required to testify during a deposition. (*Id.* at 4-6).

The Kins then filed a reply brief in support of their motion. (Doc. No. 39).

For the reasons stated below, I grant the motion.

## II. Discussion

A court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(iv). The party "seeking to quash a subpoena bears the burden of demonstrating that the discovery sought should not be permitted." *In re Smirman*, 267 F.R.D. 221, 223 (E.D. Mich. 2010) (citing *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 48 (S.D.N.Y. 1996), and *Irons v. Karceski,* 74 F.3d 1262, 1264 (D.C. Cir. 1995)). "'In seeking to prevent or delay a deposition on medical grounds, the moving party has the burden of making a specific and documented factual showing that the deposition will be dangerous to the deponent's health.'" *CC Metals & Alloys, LLC v. Am. Int'l Specialty Lines Ins. Co.*, No. 5:22-CV-00055-CHB-LLK, 2025 WL 1827903, at *1 (W.D. Ky. July 2, 2025) (quoting *Schorr v. Briarwood Estates Ltd. P'ship*, 178 F.R.D. 488, 491 (N.D. Ohio 1998)) (further citations omitted).

As I noted above, the Kins submitted a letter from L.K.'s primary care provider, Samantha Dotson, APRN, CNP, describing symptoms L.K. previously developed and stating L.K. "has experienced a marked recurrence of symptoms" since she was served with the subpoena at issue, including "a panic attack upon receiving the paperwork and . . . severe anxiety, restlessness, difficulty

sleeping, and significant emotional distress" about being required to testify about her experiences with Dr. Gao. (Doc. No. 33-1 at 1). The Kins argue the letter provides "specified, detailed, and clinical psychological evidence . . . that compliance will cause severe, debilitating mental distress rather than ordinary anxiety or discomfort." (Doc. No. 33 at 8).

But Dotson's letter does not say L.K. is unable to participate in a deposition. Instead, she expressed her "concerns regarding the potential effect" testifying "may have on [L.K.'s] mental health" and stated she does "not believe it is appropriate for [her]" to decide that issue and referred L.K. "for evaluation by a psychiatrist or other appropriately qualified mental health physician." (Doc. No. 33-1 at 2).

While I am sympathetic to the Kins' understandable concerns for L.K.'s mental health, I am not persuaded that the record evidence establishes that there are no conditions under which a deposition could be conducted that would reduce or alleviate the potential impact on L.K. For example, the Kins acknowledge they have learned of my Order prohibiting Dr. Gao from attending the deposition of any minor witness in person, and that those depositions will be conducted with necessary participants only, including one attorney only for each Defendant. (Doc. No. 33 at 3); (*see also* Doc. No. 31). But they do not indicate whether Dotson was aware of those limitations at the time she authored her letter. And Plaintiffs renew their request to conduct L.K.'s deposition with all participants attending the deposition virtually. (Doc. No. 35 at 5).

Therefore, I order counsel for Plaintiffs and the Kins to renew their discussions about appropriate conditions and arrangements for L.K.'s deposition. If Plaintiffs and the Kins are unable to reach agreement on those conditions, arrangements, or both, the Kins shall submit additional documentation in support of their motion to quash, including but not limited to medical or other treatment records, no later than September 30, 2026. The Kins are granted leave to file such documentation *ex parte* and under seal for my review.

## III. CONCLUSION

For the reasons stated above, I grant the motion of nonparties Danielle Kin and Nathan Kin to quash a subpoena issued to their minor child, L.K., for a deposition to be held on September 14, 2026, (Doc. No. 33), and I order that the Kins and Plaintiffs shall engage in the procedures I set forth.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge