UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brandy Stahl, on behalf of C.S., a minor, *et al.*,

Plaintiffs,

v.

Tiffin City Schools Board of Education, *et al.*,

Defendants.

Case No. 3:26-cv-387

ORDER

Plaintiffs filed this lawsuit against Defendants the Tiffin City Schools Board of Education, Dr. Haiyuan ("Harry") Gao, David Alvarado, and Timothy Murray, alleging Gao discriminated against and sexually harassed their daughter, C.S., while C.S. was a student in Gao's Chinese I class at Columbian High School in Tiffin, Ohio, and that the remaining Defendants failed to prevent or properly respond to Gao's misconduct. (Doc. No. 1). Nonparties Ashley Woodruff and Justin Woodruff filed a motion to quash a subpoena issued by Plaintiffs instructing their minor daughter, L.W., to appear for a deposition on September 14, 2026. (Doc. No. 38). The Woodruffs move to quash the subpoena because, among other reasons, Plaintiffs did not tender witness fees and mileage costs when serving the subpoena. (*Id.* at 1). Plaintiffs filed a brief in response. (Doc. No. 40).

Rule 45 provides that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). The "'failure to tender fees and mileage expenses renders a subpoena invalid and releases the witness of any obligation to appear.'" *Gibson v.*

*Lowe's Home Centers, LLC*, No. 24-10864, 2025 WL 2714111, at *3 (E.D. Mich. Sept. 23, 2025) (quoting *Mays v. Daviess Cnty. Det. Ctr.*, No. 4:20-CV-00197, 2021 WL 1601094, at *1 (W.D. Ky. Apr. 23, 2021)). *See also Padgett v. Plappert*, Civ. Action No. 5:25-cv-P143-JHM, 2026 WL 2100502, at *1 (W.D. Ky. July 21, 2026) ("This Rule requires the simultaneous tendering of the witness fee . . . as well as the estimated mileage expenses, with the service of a subpoena.") (citing cases).

Plaintiffs' failure to tender the attendance fees and mileage costs at the time the subpoena was served invalidates the subpoena served on L.W. Therefore, I grant the motion to quash. (Doc. No. 38).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge